

**U.S. Department of Justice**

National Security Division

*Washington, D.C. 20530*

April 24, 2026

Cahterine O'Hagan Wolfe, Clerk
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

> Re: *United States v. Hasbajrami*, No. 24-1648 (L), 25-542 (con)
> (to be argued April 28, 2026)
> Response to Federal Rule of Appellate Procedure 28(j) Letter

Dear Ms. Wolfe:

I write in response to appellant Agron Hasbajrami's April 23, 2026 letter. Hasbajrami suggests that recent technological developments and Executive Branch staffing changes are relevant to this Court's determination of his appeal. *See* Ltr. 2-4. He also cites reporting purporting to describe a classified decision from the Foreign Intelligence Surveillance Court for similar reasons. *See* Ltr. 1-2. These citations have no bearing on this appeal.

This appeal concerns the 2011 investigation of Hasbajrami's attempt to support and join a terrorist organization to fight against U.S. forces. As the government's brief explains, the district court erred in concluding that a portion of that investigation—queries of Hasbajrami's identifiers in Section 702-acquired information—violated the Fourth Amendment. But the district court correctly concluded that, in any event, the government agents acted with an objectively reasonable good-faith belief that their conduct was lawful. Developments more than a decade later are irrelevant to either issue.

Hasbajrami's letter makes plain his misguided attempt to turn this limited appeal into a wide-ranging review of the government's intelligence collection practices. This attempt is grounded in a dramatic

over-reading of the Supreme Court's suggestion that, "in some circumstances, recurring or systemic negligence" can vitiate an individual officer's good faith. *Herring v. United States*, 555 U.S. 135, 144 (2009). Even then, such "systemic negligence" must be directly tied to the officer's conduct. Otherwise, it would not alter "whether a reasonably well-trained officer would have known that the search was illegal in light of all of the circumstances." *Id.* at 145 (citation modified); *see also id.* at 146 ("[I]t might be reckless for officers to rely on an unreliable warrant system.").

Here, the government agents reasonably relied on the statute and the Foreign Intelligence Surveillance Court's decision authorizing querying without a warrant. Their only potential "fault" was in failing to anticipate a district court's novel and contrary interpretation of the Fourth Amendment more than a decade later. That failure was not a product of negligence, systemic or otherwise. More importantly, subsequent legal, technological, or other developments cannot alter the reasonableness or good faith of those actions that occurred in 2011.

Respectfully submitted,

*s/ Joseph P. Minta*
JOSEPH P. MINTA
Appellate Attorney
National Security Division
U.S. Department of Justice
Washington, DC 20530
202-353-9055
joseph.minta@usdoj.gov

Attorney for Appellee
UNITED STATES OF AMERICA